**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0957-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RICKY W. SESSOMS,

    Defendant-Appellant.

_____

Submitted April 5, 2017 — Decided May 23, 2017

Before Judges Alvarez and Lisa.

On appeal from Superior Court of New Jersey,
Law Division, Atlantic County, Indictment No.
09-05-1233.

Joseph E. Krakora, Public Defender, attorney
for appellant (Suzannah Brown, Designated
Counsel, on the brief).

Damon G. Tyner, Atlantic County Prosecutor,
attorney for respondent (Melinda A. Harrigan,
Special Deputy Attorney General/Acting
Assistant Prosecutor, of counsel and on the
brief).

PER CURIAM

Defendant, Ricky Sessoms, appeals from the June 1, 2015 order denying his petition for post-conviction relief (PCR) and declining to conduct an evidentiary hearing. Defendant is serving an aggregate sentence of eight-years imprisonment with a five-year parole disqualifier arising out of the sentences imposed on September 23, 2011. More particularly, defendant was sentenced to two counts of the indictment to which he pled guilty, Count Seven, second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7, for which he was sentenced to five-years imprisonment with a mandatory five-year parole disqualifier, and Count Three, third-degree possession with intent to distribute a controlled dangerous substance, namely, marijuana, within 1,000 feet of school property, N.J.S.A. 2C:35-7, on which he was sentenced to an extended term pursuant to N.J.S.A. 2C:43-6f, of eight-years imprisonment with a four-year parole disqualifier.

Defendant did not file a direct appeal. On October 15, 2013, he filed a pro se PCR petition. He was subsequently assigned counsel who filed a new verified petition and brief. After oral argument, the court issued its order denying the petition and declining to conduct an evidentiary hearing.

Defendant now appeals, arguing:

POINT I

THE LOWER COURT ERRED IN DENYING MR. SESSOMS'
PETITION FOR POST-CONVICTION RELIEF WITHOUT
AFFORDING HIM AN EVIDENTIARY HEARING.


POINT II

THE PCR COURT ERRED IN DENYING MR. SESSOMS'S
CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE AT
SENTENCING.

We reject these arguments and affirm.

The charges against defendant arose out of an investigation into drug activity in Atlantic City. On March 25, 2009, the Atlantic City Police Department executed a search warrant at defendant's home and found approximately fourteen ounces of marijuana and .38 caliber handgun. Defendant's wife was alone at home when the search occurred. Defendant was at work. The police went to defendant's place of employment, informed him of the results of their search, and placed him under arrest. The police administered Miranda[1] warnings to defendant. Defendant volunteered to the police that the "stuff" found in his home was his, that his wife did not know about it, had nothing to do with it, and that she should not be implicated. He said he would give a statement to that effect.

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

<span>A-0957-15T3</span>

When they arrived at the police station, however, defendant said he wanted to speak to his attorney first. The police honored defendant's position and provided him with his cell phone so he could call his attorney. Apparently the attorney was in court and unavailable to speak to defendant. Defendant was placed in a holding cell.

Because defendant declined to give a recorded statement, the police did arrest defendant's wife and brought her to the stationhouse. Further events transpired, including some interaction between defendant and his wife. In the end, after being re-administered his Miranda rights and waiving them, defendant did give an inculpatory statement.

Defendant filed a motion seeking to suppress the statement he gave to the police. After an evidentiary hearing, Judge Charles Middlesworth, Jr. issued a comprehensive Memorandum of Decision on September 11, 2009, denying the motion.[2]

Subsequently, through counsel, defendant negotiated a plea agreement, by which he would plead guilty to the two counts we previously mentioned for an aggregate sentence of eight-years

---

[2] We have not been provided with a transcript of the Miranda hearing. The information regarding the search, the arrest of defendant and his wife, and the events that occurred at the stationhouse are derived from Judge Middlesworth's written opinion of September 11, 2009, denying defendant's Miranda motion.

imprisonment with a five-year parole disqualifier. The remaining five counts of the indictment would be dismissed. Defendant's overall exposure on these charges was thirty-years imprisonment.

Defendant had two prior indictable convictions, both for drug offenses. One of them, for possession of cocaine with intent to distribute, resulted in a five-year state prison sentence. The other, for conspiracy to possess marijuana with intent to distribute, resulted in a probationary sentence, subject to three-hundred-sixty-four days incarceration in the county jail.

Defendant entered his guilty plea before Judge Middlesworth on December 7, 2010. He was sentenced, in accordance with the plea agreement, by Judge Mark H. Sandson on September 23, 2011.

I.

In his first point, defendant contends that his trial attorney was constitutionally ineffective at the plea hearing for failing to preserve defendant's right to appeal the denial of his Miranda motion. Defendant argues that he presented sufficient evidence to establish a prima facie case of ineffective assistance of counsel in this regard, and that he should have been afforded an evidentiary hearing.

Rule 3:22-2 lists the cognizable grounds for PCR, including the "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United Sates or

the Constitution or laws of the State of New Jersey." Both Constitutions guarantee the accused "the right to the effective assistance of counsel" in criminal proceedings against them. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063, 90 L. Ed. 2d 674, 692 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting Strickland's ineffective assistance standard).

To establish a claim under the Strickland/Fritz test, a defendant must satisfy two prongs. First, he must demonstrate that his counsel made errors so serious that counsel was not functioning in accordance with the constitutionally guaranteed standard; second, defendant must show that but for the deficient conduct, a reasonable probability exists that the result of the proceeding would have been different. State v. O'Neil, 219 N.J. 598, 611 (2014). In the context of asserted ineffective assistance at a plea proceeding, the second prong focuses on whether the asserted ineffective performance affected the outcome of the plea process, namely, defendant must show that a reasonable probability exists that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370-71, 88 L. Ed. 2d 203, 209-11 (1985).

Evidentiary hearings may be granted on a PCR petition if the defendant establishes a prima facie case of ineffective assistance

of counsel. State v. Preciose, 129 N.J. 451, 462 (1992). Such hearings are only required if resolution of disputed issues are "necessary to resolve the claims for relief." R. 3:22-10(b). Hearings shall not be granted if they "will not aid the court's analysis of the defendant's entitlement to post-conviction relief," or "if the defendant's allegations are too vague, conclusory or speculative." R. 3:22-10(e)(1) and (2). In order to establish a prima facie case, a defendant must demonstrate a reasonable likelihood that he or she will ultimately succeed on the merits. State v. Marshall, 148 N.J. 89, 158, cert. denied, 522 U.S. 850, 118 S. Ct. 140, 139 L. Ed. 2d 88 (1997).

Judge Sandson, who presided over the PCR proceeding, concluded that defendant failed to make the required prima facie showing. He initially found that while defendant now claims he wanted to appeal the denial of his Miranda motion, there is no evidence supporting the contention. Further, he found that defendant presented no evidence that defendant ever informed his attorney of his desire to appeal the denial of the Miranda motion. Our review of the record confirms this assessment.

"Generally, a defendant who pleads guilty is prohibited from raising, on appeal, the contention that the State violated his constitutional rights prior to the plea." State v. Crawley, 149 N.J. 310, 316 (1997); see also Tollett v. Henderson, 411 U.S. 258,

267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235, 243 (1973).  Three exceptions to the waiver of a defendant's right to appeal have been codified in New Jersey's court rules.  State v. Knight, 183 N.J. 449, 471 (2005).  Relevant to this appeal is Rule 3:9-3(f), which allows a defendant to "enter a conditional plea of guilty reserving on the record the right to appeal from the adverse determination of any specified pretrial motion."

The standard plea form makes provision for this exception. Question 4e asks: "Do you further understand that by pleading guilty you are waiving your right to appeal the denial of all other pretrial motions except the following:," which is followed by three long blank lines.  Defendant circled "No" following the question.  However, nothing was filled in on the lines.

In the PCR proceeding, defendant contended that his negative answer was an indication that he intended to appeal denial of the Miranda motion.  However, that would have required filling in the relevant information on one of the blanks.  Had that been done, the prosecutor might well have refused to join in the plea agreement.  Typically, reservation of such a right would be a major factor in the negotiations and would have to be expressly contained in the plea form and placed upon the record in the plea colloquy with the clear assent of both parties.

Defendant further points out that, at the time of his sentencing, he indicated on the "Notice of Right to Appeal" form that he wished to appeal. He contends that this further evidenced his intent to appeal denial of his Miranda motion. However, that document refers generally to an intent to appeal from defendant's judgment of conviction. It contains no indication of his wish to appeal from the denial of his Miranda motion. Further, that document was completed many months after defendant's plea.

Importantly, in the plea colloquy, defendant acknowledged that he went over all the questions with his attorney and understood them, and that he was not promised anything that was not written down in the plea forms.

Defendant has very generally stated that he believes his attorney must have known that he intended to appeal denial of the Miranda motion. However, he has filed no evidence to support that contention, such as an affidavit or certification stating that he told his attorney he had such an intention. Such bald assertions, unsupported by an affidavit or certification specifying particular facts are not sufficient to demonstrate counsel's alleged substandard performance. State v. Cummings, 321 N.J. Super. 154, 170-71 (App. Div.), certif. denied, 162 N.J. 199 (1999). Merely raising allegations of ineffective assistance, without competent evidence sufficient to make the required prima facie showing, does

9

not entitle a defendant to an evidentiary hearing.  Id. at 170. The first prong of the Strickland/Fritz test was not established here.

As we have stated, the second prong, in the context of a guilty plea, requires a showing that, but for the asserted ineffective assistance of counsel, defendant would not have pled guilty.  Defendant makes that bald and generalized assertion in his PCR submission.  However, it is backed up by no facts to support it.

Indeed, he acknowledged at the time of the plea and continues to acknowledge that, if he goes to trial, he is exposing himself to the possibility of up to thirty-years imprisonment, with parole disqualifiers required on a number of the offenses.  But we need not merely infer that defendant does not really want to go to trial, for he has expressly said so.  At oral argument in the PCR proceeding, he said this to the judge:

> And although -- I mean if you -- if I may, I'm
> saying, you know, all I'm trying to do is get
> a renegotiated plea of a five with a three,
> you know, with all my credits, if possible
> from your Honor.

Defendant has expressed, in his own words, why the second prong cannot be met.

In his second point, defendant argues that his trial counsel was constitutionally deficient at his sentencing hearing because he failed to call to the attention of the court certain mitigating factors. Particularly, he argues that his counsel should have urged the court to find the applicability of mitigating factors under N.J.S.A. 2C:44-1b(7) and (9), namely, that "[t]he defendant has no history of prior delinquency or criminal activity or has lead a law-abiding life for a substantial period of time before the commission of the present offense," and that "[t]he character and attitude of the defendant indicate that he is unlikely to commit another offense." He seeks a remand for a new sentencing hearing.

Judge Sandson rejected this argument, and so do we. As we have stated, defendant had two prior indictable convictions, both for drug offenses. His drug activity in this case was, by his admission, an ongoing course of drug activity, not a single aberrant event. Defendant was also listed on the Domestic Violence registry. At sentencing, the judge found three aggravating factors to apply, namely, N.J.S.A. 2C:44-1a(3), the risk that defendant would commit another offense, (6) the extent of defendant's prior criminal record and the seriousness of his prior offenses, and (9)

the need for deterrence. He found no mitigating factors, and found a preponderance of aggravating factors.

Had the mitigating factors defendant now proposes been urged, it is very doubtful that the judge would have found them applicable. If he did, he would have likely accorded them very minimal weight. The aggravating factors would have still outweighed mitigating factors, and the sentence would not have changed. This was a plea bargained sentence and no basis has been shown for a probability that the result would have been different had counsel done what defendant now says he should have done differently at the sentencing hearing.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0957-15T3